UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROXANNE HENDON,

    Plaintiff,

-vs-                                      Case No. 16-C-941

WISCONSIN BELL INC. d/b/a AT&T,

    Defendant..

## DECISION AND ORDER

Pro se Plaintiff Roxanne Hendon filed a request to proceed without prepayment of the filing fee on her action under the Americans with Disabilities Act of 1990 (ADA), as codified in 42 U.S.C. §§ 12112 through 12117, as amended by the ADA Amendments Act of 2008 (ADAAA), against her former employer, Defendant Wisconsin Bell Inc., doing business as AT&T. In order to authorize a litigant to proceed without prepayment of the filing fee, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). The Court must deny a request to proceed without prepayment of fees if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

By her request to proceed without prepayment of the filing fee, Hendon states that she was employed by the Women's Care Center until June 10, 2016. However, she is currently unemployed, has no income, and is responsible for the support of one

minor dependent.  Her monthly expenses total $1,281.18 which is comprised of $250 rent, a $381.18 car payment, an $80 credit card bill, and $560 in household expenses.  She owns a 2008 Hyundai Elantra worth $800 and has $325 in cash or in a financial account.  Based on the foregoing, Hendon has established that she is unable to pay the $350 filing fee for this action.

Hendon, who began working for Wisconsin Bell in June 2001 and was diagnosed with bipolar affective disorder mixed with psychotic features in March 2005, alleges that Wisconsin Bell engaged in disability discrimination by failing to accommodate her disability and terminating her employment in late August 2009.  Attached to Hendon's Complaint is a notice of right to sue issued by the United States Equal Employment Opportunities Commission.

Hendon alleges an arguable claim for relief under ADA, as amended by the ADAAA.  Therefore she will be allowed to proceed without prepayment of the filing fee.

Hendon's request to proceed without prepayment of the filing fee (ECF No. 1) is **GRANTED**.

The United States Marshal must serve a copy of the Complaint and this order upon the Defendant pursuant to Federal Rule of Civil Procedure 4.  Hendon is advised that Congress requires the United States Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the United States Marshals Service precisely because plaintiffs who are unable to prepay filing

fees are indigent, it has not made any provision for these fees to be waived either by the court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2016.

BY THE COURT:

s/ Lynn Adelman
_____
Lynn Adelman
U.S. District Judge